Dye, J.
The judgment under review has dismissed the plaintiff’s complaint. The action is for recovery of damages sustained by plaintiff by reason of an alleged breach by the *412 defendant of its agreements settling a dispute between the parties arising out of the sale of a quantity of tinplate in two separate lots which, under the terms of sale, were to be shipped to A. Bevilacqua & Co., of Naples, Italy, who had purchased the materials from defendant under a resale agreement. When the material arrived in Italy, Bevilacqua rejected it for alleged discrepancies in weight and quality, and demanded of the defendant return of the purchase price which it had already paid, together with the cost of ocean freight and custom duty. The defendant made a demand over against the plaintiff, who took issue with its correctness. In the ensuing negotiations the plaintiff agreed to hold the defendant harmless in settling the matter with Bevilacqua. However, it turned out that Bevilacqua refused any settlement, claiming it could not use the tinplate. The plaintiff and defendant then agreed to rescind the prime sale contract, the plaintiff agreeing to pay the defendant Tuteur in full for the purchase price, plus 50% of its lost profit. In turn the defendant undertook to resell the material in Italy. In this connection, it notified the plaintiff in writing that it was holding “ this material for your account and at your risk on the premises of A. Bevilacqua & Co., Naples, and await your further instructions.” Some discussion ensued as to what the phrase “at your risk” involved, after which the plaintiff authorized the defendant to procure insurance which, when issued, covered the usual risk of loss against fire, flood and pilferage without any mention of possible seizure by third persons under alleged legal process. Before any resale agreement could be worked out by the defendant, Bevilacqua seized the tinplate, title to which had reverted to plaintiff— (as the parties intended and now concede)—under a warrant of attachment issued by an Italian court in aid of a suit which Bevilacqua had instituted against Tuteur.
When the plaintiff was notified of this unusual turn in events, it authorized Tuteur to employ Italian counsel to protect its interests, and made demand upon Tuteur for the return of the material or its monetary equivalent. Tuteur recognized the difficulty thus presented but took the position that it was exempt from liability because of the special circumstances under which it had undertaken to resell the goods, namely, “ at your [the plaintiff’s] risk ” and that the plaintiff had undertaken to save defendant harmless against Bevilacqua’s claim.
*413 The court below adopted this theory. However, this was an unwarranted interpretation.
The settlement arrangement and the bailment agreement contained no unusual provisions and they may not be given an interpretation contrary to general usage and the understanding of men in business (Wells v. Steam Nav. Co., 8 N. Y. 375). Suffice it to say that we do not construe the phrase “ at your risk ” to encompass defendant’s intentional failure to free plaintiff’s property from an attachment issued against defendant. Nor may the fact that the plaintiff authorized the defendant to procure counsel to defend its interests be tortured into a waiver of its rights against Tuteur, nor is it estopped to assert same. Nor are there any other special circumstances of sufficient substance to warrant a different result.
Insofar as the plaintiff’s property was concerned, Bevilacqua ’s warrant of attachment had no legal validity. Bevilacqua had no claim against the plaintiff other than storage charges for which it had a lien. Tuteur’s claim against the plaintiff, based on Bevilacqua’s claim for damage, had been the subject of an amicable settlement in full of the plaintiff’s liability in the premises, following which it had no further claim against the plaintiff which it could enforce against the plaintiff’s property. In attaching the plaintiff’s property in connection with its claim against Tuteur, Bevilacqua was an intruder against whom Tuteur was bound to defend the plaintiff’s interests (Roberts v. Stuyvesant Safe Deposit Co., 123 N. Y. 57; Edwards v. White Line Tr. Co., 104 Mass. 159). The fact that it gave notice to the plaintiff of such trespass does not absolve it. Such notice would be sufficient only if the attachment were directed against one other than defendant bailee (cf. Bliven & Mead v. Hudson Riv. R. R. Co., 36 N. Y. 403; Stiles v. Davis & Barton, 1 Black [66 U. S.] 101).
The judgment of the Appellate Division should be reversed and the judgment of the Trial Term reinstated, with costs in this court and in the Appellate Division.